UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYLIN MARCUS THORNTON,<br>Plaintiff,<br>v.<br>AMAZON.COM SERVICES LLC,<br>Defendant. | Case No. 2:26-cv-2257-DC-JDP (PS)<br><br>ORDER |

Plaintiff Kaylin Marcus Thornton filed this action in Sacramento Superior Court, alleging claims against defendant Amazon.com Services LLC. Defendant timely removed on the basis of diversity jurisdiction. Plaintiff has moved to remand, ECF No. 9, and defendant has moved to compel arbitration and to dismiss this action pursuant to the Federal Arbitration Act, ECF No. 8. For the reasons stated below, plaintiff's motion is denied and the court will stay adjudication of defendant's motion until after plaintiff has another opportunity to file a response.

**Background**

Plaintiff is an author who published five books that are available for purchase on Amazon's Kindle Direct Publishing ("KDP"). ECF No. 1 at 7. On March 1, 2024, plaintiff's KDP account was terminated, which barred plaintiff from accessing payments for his book sales, modifying the price, description, or marketing materials for his books, downloading sales reports and tax documents, and more. *Id.* at 8. Since the account's termination, Amazon has continued

to sell plaintiff's books without compensating plaintiff, has facilitated unauthorized third-party sales of his books, displayed his author's page, and updated his book information. *Id.* at 8-9. Plaintiff worked with Amazon from November 2024 through March 2025 to revive his account, but attempts were unsuccessful. *Id.* at 9.

**Procedural History**

On May 26, 2026, plaintiff filed suit in Sacramento Superior Court. ECF No. 1 at 6. The complaint brings seven state law claims: breach of implied contract; unjust enrichment; intentional infliction of emotional distress; negligent infliction of emotional distress; conversion; fraudulent inducement; and loss of business opportunity.[1] Plaintiff seeks compensatory damages, emotional distress damages, punitive damages, and attorney's fees, with total damages of $180,500. *Id*. at 12.

On June 25, 2026, defendant removed on the basis of diversity jurisdiction. ECF No. 1. Defendant provided that it is a citizen of Delaware and Washington and that plaintiff is a citizen of California. *Id*. at 3. Defendant also asserted that the amount in controversy exceeds $75,000. *Id*.

On July 27, 2026, plaintiff filed a motion to remand on the basis that defendant engaged in forum shopping and gamesmanship-like tactics when it delayed removing this action until the last day before the deadline. ECF No. 9. Defendant has filed an opposition, ECF No. 15.

On July 14, 2026, defendant filed a motion to compel arbitration and to dismiss pursuant to the Federal Arbitration Act. ECF No. 8. Plaintiff has not filed an opposition or statement of opposition to that motion.

**I. Motion to Remand**

**A. Legal Standard**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending." 28 U.S.C.

[1] Plaintiff lists "punitive damages" as his eighth cause of action, but that is a type of relief, but a cause of action.

§ 1441(a). Courts construe the removal statute against removal, and the party seeking removal bears the burden of establishing federal jurisdiction. *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1106-1107 (9th Cir. 2010) (citing *Gaus v. Miles*, *Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). If removal was improper, "the district court lack[s] subject matter jurisdiction, and the action should [be] remanded to the state court." *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998) (citing 28 U.S.C. § 1447(c)).

The notice of removal must contain "a short and plain statement of the grounds for removal," which includes the claimed jurisdictional basis. 28 U.S.C. § 1446(a). Diversity jurisdiction exists in all civil actions in which there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. In calculating the amount in controversy, the proponent of federal jurisdiction has the burden of proving by a preponderance of the evidence that the amount in controversy is satisfied. *See Geographic Expeditions, Inc*., 599 F.3d at 1106-07.

**B. Analysis**

Plaintiff does not dispute that this court has jurisdiction. *See* ECF No. 9. Instead, plaintiff argues that this action was improperly removed because (1) defendant waited until the 30th day to remove, which demonstrates forum shopping, (2) all events occurred in California, and specifically Sacramento, which makes Sacramento Superior Court the "only appropriate forum," and (3) federal court is not an appropriate forum because all claims involve "important California public policy." *Id.* Before addressing plaintiff's arguments, the court will address whether removal was proper.

28 U.S.C. § 1446(b) governs the time during which a defendant may properly remove a case from state court to federal court. A notice of removal must be filed within thirty days of the defendant receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Plaintiff filed this action in state court on May 26, 2026, and defendant removed this action on June 25, 2026. Therefore, removal occurred within the statutory window.

An action may be removed to federal court on the basis of diversity jurisdiction only

where there is complete diversity of citizenship between the parties. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. §§ 1332(a), 1441(b)). Here, there is complete diversity. Plaintiff is a citizen of California and defendant is a citizen of Washington and Delaware.

Finally, a notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). The amount in controversy is calculated based upon "the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018). Here, plaintiff alleges that the amount in controversy exceeds the jurisdictional amount. Specifically, he alleges damages in the amount of $180,500. ECF No. 1 at 12. Accordingly, removal on the basis of diversity jurisdiction was proper.

Plaintiff, however, has advanced three reasons why this matter should be remanded. He first argues that defendant's decision to delay removal until the deadline was done "to avoid imminent default judgment" and "constitutes bad-faith forum shopping." ECF No. 9 at 2. Plaintiff cites no authority, and this court is aware of none, indicating that a court must remand a case because the defendant waited to remove until the final permissible moment to do so.

Plaintiff's second argument, that all events occurred in Sacramento and therefore that Sacramento County Superior Court is the only appropriate forum, is equally unmeritorious. ECF No. 9 at 3. As defendant argues—this court sits in Sacramento, directly across the street from the Sacramento Superior Courthouse, which necessarily dispels any of plaintiff's concerns about the accessibility of witnesses and documents. Moreover, "forum non conveniens is a venue doctrine, not a jurisdictional principle." *Andrades v. City of Manteca Police*, No. 2:23-cv-01905-TLN-AC (PS), 2024 WL 201105, at *3 (E.D. Cal. Jan. 17, 2024). It is a doctrine "under which a federal district court may *dismiss* an action on the ground that a court abroad is the more appropriate and convenient forum for adjudicating the controversy." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007) (emphasis added). Forum non conveniens is an "exceptional tool to be employed sparingly." *Bos. Telecommunications Grp., Inc. v. Wood*, 588

F.3d 1201, 1206 (9th Cir. 2009) (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002)). The court does not understand plaintiff to seek dismissal of his lawsuit, therefore "remand of a removed case is not available on the basis of *forum non conveniens*." *See Andrades*, 2024 WL 201105, at *3.

Plaintiff's final argument, that federal court is an improper forum because he only brings state law claims involving important California public policy, is unpersuasive. This court has jurisdiction over this action and defendant is well within its statutory rights to remove this action.

Finally, the court finds it necessary to address plaintiff's fictitious case citations. As defendant notes, plaintiff has cited numerous cases that are either fabrications or misrepresentations.[2] ECF No. 10 at 8. This court is troubled by these patently incorrect quotations and assertions. As one court in this District has recently stated:

> Federal Rule of Civil Procedure 11 applies to all parties, including parties such as Plaintiff who are proceeding without an attorney. *See* Fed. R. Civ. P. 11. Though the Court has not issued an order prohibiting the use of generative artificial intelligence ("generative AI") by parties in their pleadings and filings, Plaintiff is cautioned that whether he uses or does not use generative AI or some other tool, Rule 11 still applies and he is responsible to ensure that any pleading or filing submitted to the court: "(1) [ ] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after

---

[2] The first-cited example is: "[a]s the Fifth Circuit held in *In re Shell Oil Co.* 932 F.2d at 420, removal that is 'an abusive manipulation of the removal statute' warrants remand." That citation is for *Pierre v. I.N.S.*, 932 F.2d 418, 420 (5th Cir. 1991), a case dealing with an immigration matter and does not address removal or remand.

Second: "[w]here, as here, a defendant removes on the last possible day before an adverse state-court ruling - such as entry of default - courts 'will view the removal with a skeptical eye and scrutinize the papers with particular care.' *In re Shell Oil Co.* (5th Cir. 1990) 932 F.2d 418, 420." Again, that citation and quotation are incorrect.

Third: "'[R]emoval statutes are not to be used as tools of gamesmanship to manipulate the forum.' *Mayor of Philadelphia v. Educational Equality League* (1974) 415 U.S. 605, 628." That case does not include that quotation and does not deal with removal.

Fourth: "All doubts must be resolved in favor of remand. *University of Tennessee v. Elliott* (1986) 478 U.S. 788, 799." That case does not include that quotation and does not deal with removal.

> a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." *See* Fed. R. Civ. P. 11(b). . . . "Such misquotations, miscitations, and misrepresentations often indicate the presence of artificial intelligence-generated hallucinations." *Doe 1 v. Lai*, 2026 WL 1004947, at *1 (C.D. Cal. Feb. 17, 2026). Regardless of whether Plaintiff is or is not using generative AI, Plaintiff is warned that misrepresentations or misleading representations to the Court may be sanctionable pursuant to Rule 11(b) and the court's inherent authority.

*Lohbeck v. CSL Plasma Inc.*, No. 2:26-cv-1493-DJC-CSK (PS), 2026 WL 2057233, at *9 (E.D. Cal. July 16, 2026). Accordingly, plaintiff is on notice that sanctions may issue for future filings that contain misrepresentations.

**II. Motion to Compel Arbitration**

Defendant filed its motion compel to arbitration on July 14, 2026. ECF No. 8. Plaintiff was required to file an opposition or statement of non-opposition within fourteen days of defendant's motion. *See* E.D. Cal. L.R. 230(c). To date, plaintiff has not done so.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

I will give plaintiff a chance to explain why the court should not dismiss the case for his failure to file a response to defendant's motion. Plaintiff's failure to respond to this order will constitute another failure to comply with a court order and will result in dismissal of this action. Accordingly, plaintiff is ordered to show cause within fourteen days why this case should not be dismissed for failure to prosecute and failure to comply with court orders. Should plaintiff wish to continue with this lawsuit, he shall file, within fourteen days, a response to defendant's motion.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to remand, ECF No. 9, is DENIED.
2. Plaintiff is ordered to show cause within fourteen days why this case should not be dismissed for failure to prosecute and failure to comply with court orders. Should plaintiff wish to continue with this lawsuit, he shall file, within fourteen days, a response to defendant's motion.

IT IS SO ORDERED.

Dated: October 13, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE